Matthew H. Storey, Esq. (SBN 279773)
Seth A. Schwartz, Esq. (SBN 281992)
LAW OFFICES OF SCHWARTZ & STOREY
2247 San Diego Ave., Suite #237
San Diego, California 92110
Telephone: (858) 430-8166
Facsimile: (858) 430-8167

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T. by and through his Guardians Ad Litem COLLEEN HY and YONGKANG TANG,<br><br>Plaintiff,<br><br>v.<br><br>DEL MAR UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. 3:17-CV-01082-AJB-RBB<br><br>**JOINT MOTION FOR APPROVAL OF MINOR'S COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW H. STOREY**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Complaint Filed: May 25, 2017<br>Hearing Date: January 18, 2018 2:00pm |

**PLEASE TAKE NOTICE** that pursuant to this Court's Local Rule 17.1, Plaintiff J.T. by and through his Guardians Ad Litem COLLEEN HY and YONGKANG TANG ("Plaintiffs") and Defendant DEL MAR UNIFIED SCHOOL DISTRICT (hereinafter "District") hereby file this Joint Motion for Approval of Minor's Compromise.

This motion is based on this notice, the memorandum of points and authorities submitted herewith, the attached Declaration of Matthew H. Storey, and any other documents and testimony that may come before the Court.

///

Dated: December 5, 2017

LAW OFFICES OF SCHWARTZ AND STOREY

By: /s/ Matthew H. Storey
Matthew H. Storey
Attorneys for Plaintiffs

Dated: December 5, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Marlon C. Wadlington
Marlon C. Wadlington
Attorneys for Defendant DEL MAR UNIFIED SCHOOL DISTRICT

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Marlon C. Wadlington, counsel for DEL MAR UNIFIED SCHOOL DISTRICT, and that I have obtained Mr. Wadlington's authorization to affix his electronic signature to this document.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

This case arises under the Individuals with Disabilities and Education Act ("IDEA"), which "ensure[s] that all children with disabilities have available to them a free and appropriate public education ("FAPE") that emphasizes special education and related services…" J.L. v. Mercer Island Sch. Dist., 592 F.3d 938, 947 (9th Cir. 2010) (quoting 20 U.S.C. § 1400(d)(1)(A)). Specifically, Parent's seek reimbursement for unilaterally placing their child ("J.T.") in a non-public school ("NPS") when the Defendant ("District") denied J.T. a FAPE.

On January 9, 2017, Parent filed a Due Process complaint with the Office of Administrative Hearings ("OAH") seeking reimbursement for J.T.'s NPS placement. J.T. presented two issues before OAH:

1. Did District, deny Student a free appropriate public education by failing to assess Student for autism?
2. Did District, deny Student a FAPE by failing to provide appropriate goals in the area of autism?

On April 18, 2017, OAH issues a Decision finding in favor of J.T. on both issues. However, the Administrative Law Judge ("ALJ") denied Parents reimbursement for J.T.'s placement at a NPS. This appeal followed.

### II. Court Approval Is Necessary To Resolve This Case

Court approval is necessary to settle the claims of minors and incompetent people. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). This motion is also required pursuant to Local Civil Rule 17.1, subdivision (a). In performing its duty, the court is required to "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d

1357, 1363 (9th Cir. 1983).

The Ninth Circuit has explained that district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-1182 (9th Cir. 2011).

Based upon a review of civil cases involving parents of disabled children seeking reimbursement for their payment of tuition for a special education school, the Parties submit that the proposed settlement in this matter is fair and reasonable. *See M.M. & E.M., Individually and on Behalf of their minor son, C.M., v. Lafayette School District and Lafayette Board of Education*, 2017 U.S. Dist. LEXIS 10509; 10-CV-04223-SI (N.D. Cal. 2017)( approving $82,500 as reimbursement for educational services parent's funded for C.M. and litigation expenses; and $302,500 for attorney's fees for the instant case and all related cases).

In *M.M.*, the court recognized, "parents personally funded C.M.'s education through [a specified private school], thereby advancing their goal to provide C.M. the special-education services that he needs. The court finds the settlement reasonable: it reimburses the parents for funding C.M.'s education and the litigation expenses, and it provides reasonable attorney's fees." *Id*.

The Ninth Circuit also confirmed in *Robidoux* that the approval of a minor's or incompetent person's settlement is supposed to be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacanay*, 573 F.2d at 1078); see also this court's orders in *Lobaton v. City of San Diego*, 2017 U.S. Dist. LEXIS 93290; *Barwari v. Wal-Mart Stores, Inc.*, 2017 U.S. Dist. LEXIS 72410; and *Rangel v. United States*, 2015 U.S. Dist. LEXIS 182702.

**III. The Proposed Settlement Is Fair and Should be Approved**

In this settlement, Parents are reimbursed almost entirely. Parent's are seeking reimbursement of $66,483.49 for J.T.'s placement at a NPS, as well as their attorney fees, which totaled approximately $78,340.50 for a total of $144,822.99. The settlement between J.T. and the District would provide $115,000 with $65,000 going to Parent's and $50,000 for attorney fees. Parent's attorney will waive all other outstanding fees and costs.

The Settlement also calls for both matters to be dismissed with prejudice.

**IV. Attorney Fees and Litigation Costs**

Even though, per *Robidoux*, settlements are supposed to be approved "without regard to the proportion of the total settlement value designated for … plaintiff's counsel," the Parties submit that the portion of the overall settlement set aside for plaintiffs' attorneys fees is reasonable and proper.

Civil rights litigation is difficult and risky to pursue, especially those involving special education. The Ninth Circuit has described special education law as involving "a complex web of federal and state statutes and regulation." *Ojai Unified School District v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993); see also *Gross ex rel. Gross v. Perrysburg Exempted Village Sch. Dist.*, 306 F. Supp. 2d. 726, 736 (N.D. Ohio 2004) (noting "the complexity and uniqueness of IDEA cases and the different ways the same cases can apply to individual circumstances").

Given the difficulty of pursuing these matters, Congress authorized the reimbursement of attorney fees to parents of disabled children who prevail against school districts. 20 U.S.C. § 1415(i)(3)(B); see also *Parents of Student W. v. Puyallup Sch. Dist. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted in original)); *Park, ex. Rel. Park, v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006).

The amount of the settlement designated for Plaintiffs' attorney's fees is

$50,000. Plaintiffs have a written retainer agreement with the attorney, calling for the payment of attorney's fees. Although attorneys for Plaintiffs have provided substantially more legal services than the settlement agreement provides payment for, the attorney for the Plaintiffs and the Plaintiffs agree to waive any attorney's fees and costs in excess of the amount received pursuant to the proposed settlement agreement. These fees are consistent with Ninth Circuit standards for reimbursement of fees and costs to a prevailing parent.

V. Conclusion

Based on the foregoing, the Parties respectfully request the Court approve the settlement agreement in this matter. Should the Court approve the settlement agreement, the Parties respectfully request that the Court dismiss the above-captioned matter in its entirety with prejudice, pursuant to FRCP 41(a)(1)(A)(ii).

Date: December 6, 2017

By: _/s/ Matthew H. Storey___________
Law Offices of Schwartz & Storey
Matthew H. Storey, Esq.
Attorney for Plaintiffs